## COLE *v.* McKUNE.

SUITS brought by the District Attorney of the city and county of Sacramento to collect delinquent taxes under the Acts of 1860 and 1861, (Stat. 1860, 139; Stat. 1861, 119) and pending when his successor in office was qualified, must be turned over to such successor.

*Semble*, that a ratable proportion of the per centage received by the successor after the termination of the suits should go to the District Attorney commencing them; but this point is not decided.

The fact that a portion of the business in the hands of a District Attorney is unfinished, on the assumption of office by his successor, does not give such Attorney any authority to conclude it.

A different rule applies to a portion of the business of a Sheriff.

APPLICATION to the Supreme Court for *mandamus* to compel the Judge of the Sixth District to reinstate plaintiff as attorney of record in the case of the *People, etc.,* v. *Claude,* pending therein.

Plaintiff was elected and qualified as District Attorney for the city and county of Sacramento in the fall of 1859. In July, 1861, as such Attorney, he instituted suit in the Sixth District Court in the name of the *People, etc.,* v. *H. G. Claude,* to recover three hundred and twenty-five dollars and eighteen cents, delinquent taxes due from defendant to said city and county, together with the Attorney's compensation and costs, as fixed by the Acts of April 3d, 1860, (Stat. 1860, 139) and April 8th, 1861, (Stat. 1861, 119) for the collection of delinquent taxes in said city. Various other similar suits were also brought by petitioner. At the general election of 1861, W. W. Upton was elected District Attorney to succeed Cole, whose term expired in October of that year. Upton moved the District Court to substitute his name as attorney of record for plaintiff in the suit against Claude, and in all the similar suits pending, on the ground that he was entitled, as Cole's successor, to their control and management.

These suits were in various stages. In some, the money had been collected on execution, and was in the hands of the Sheriff, who had been notified by Upton to pay the same to him. In others, the money was in process of collection on execution; others were in judgment simply. Others were for trial on issue joined;

others stood on demurrer.    In others, the summons had been issued, but not served; and in others, the summons was not issued.    The District Court granted Upton's motion for substitution.

The petition of Cole for *mandamus* states the foregoing facts, and also that he has paid out of his own funds various amounts for costs in the prosecution of the suits, and become responsible for other amounts, and claims that he is entitled to the control and management of the suits, and to the compensation and costs allowed by the acts above cited to the District Attorney prosecuting the suits.

The District Judge, for answer to the petition, claimed that Upton, upon qualifying as District Attorney, became, by operation of law, attorney for the people in the suits named; denied that the order of substitution would affect the rights of petitioner to compensation for past services; and also denied the jurisdiction of this Court to issue a *mandamus* in this case.

*Robert Robinson*, for the Writ, cited *Downer* v. *Norton*, 16 Cal. 436; 6 Id. 55; Wood's Dig. art. 141, sec. 10; *Smith* v. *Mayor of Sacramento*, 13 Cal. 531; Revenue Act 1861, 455, sec. 114; *Rogers* v. *Hoberlin*, 11 Cal. 120; Act 1860, 139; Stat. 1861, 489; *Turner* v. *Carothers*, 17 Cal. 431; Wood's Dig. 77, as to official bonds; *Ex parte Robbins*, 2 Gall. 320; Stat. 1861, 454, sec. 111; Stat. 1851, 187, secs. 9, 10; and argued mainly that the suits in question were put into the District Attorney's hand by a *special law*, fixing special compensation, (Stat. 1860, 139, sec. 3) and that neither this act nor the general Act of 1851, as to District Attorneys, turns such suits over to the successor in office.

*H. O. & W. H. Beatty*, *contra*, cited the Act concerning District Attorneys, Wood's Dig. 64, secs. 2, 13; Consolidation Act for Sacramento, Stat. 1858, 277; Act concerning Crimes and Punishments, sec. 89; *People* v. *Bircham*, 12 Cal. 50; *Downer* v. *Norton*, 16 Id. 439; and argued that the right to control these suits was in the acting District Attorney—but that this fact did not interfere with Cole's right to intervene and claim any fees to which he may be entitled, whether to the whole compensation allowed by the Act of 1860 or only to a proportionate share.

Cole *v.* McKune.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Petition for *mandamus.* This proceeding was taken to determine the question as to the right of the late District Attorney of Sacramento county, or his successor, the present incumbent, to take charge of the suits instituted and pending under the Acts of 1860 and 1861, for the collection of delinquent taxes in the city and county. By those acts a percentage is given the District Attorney on the amounts collected by suit. By the general act regulating the office of District Attorney, the outgoing Attorney is to hand over papers, etc., connected with his office to his successor, who is charged with the duty of prosecuting suits, civil and criminal, for the county. We see nothing in the Acts of 1860 and 1861 which places these tax suits on any different footing, in this respect, from suits on recognizances, or from the public litigation of the county, or of the St*r*u. The policy of the law seems to be, to have but one recognized pros... wing officer and Attorney for a county; and the rendering of the official services required by law is dependent upon and follows the office, as in cases of clerks, etc.; and the fact that a portion of the business in the hands of the Attorney is unfinished, on the assumption of office by his successor, does not give him any authority to conclude it. A different rule applies to a portion of the business of the Sheriff, but this is because of a peculiar reason which has no application here.

As the compensation in these cases is given for the entire services of the Attorney, it would seem just and equitable that the outgoing Attorney should receive a ratable proportion of the per centage received, after the termination of the cases, by the successor; but this matter does not necessarily arise in this proceeding, which merely relates to the right of the successor to appear as attorney of record in the suits brought by Mr. Cole.

*Mandamus* denied.