### JOHN B. MUNSON v. COMM'RS OF MORRIS COUNTY.

COUNTY ATTORNEY; *His Power to Represent County, Ceases with His Term of Office.* The authority of a county attorney to represent the county terminates with his term of office. Payment to him thereafter, by the clerk of the district court, with knowledge of the expiration of his term of office, of money collected on a judgment in favor of the county, is not payment to the county, notwithstanding such judgment was rendered in an action brought by him as county attorney during his term of office.

#### *Error from Morris District Court.*

THE board of county commissioners recovered a judgment against *Munson* and five others, at the November Term 1875, of the district court. The defendants bring the case here.

*T. K. Johnston,* for plaintiffs in error.

*A. Moser,* county attorney, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by the board of commissioners of Morris county against John B. Munson, as

clerk of the district court, and the other defendants below, as his bondsmen, to recover the sum of $600, which plaintiff below alleged had been received by the said Munson in his official capacity as said clerk, as a part payment upon two several judgments before that time obtained by said board of commissioners, against John R. Horner and others, and which said judgments were then remaining of record unsatisfied in said clerk's office; and which said sum of money the said Munson had refused to pay over to said board on demand. The defendants answered, by admitting that Munson was clerk of said court, that said defendants executed the bond as alleged in the petition, and that said board had recovered a judgment against Horner and others, but denied generally all the other allegations of the petition. Upon these pleadings the case was tried, and judgment was rendered in favor of the board of commissioners for the sum of $600, and costs.

Upon the trial, it appeared that the cases against Horner and others had been commenced for the board of commissioners by Duncan McDonald, who was at that time county attorney of Morris county, but that before the judgments were obtained his term of office had expired, and A. Moser had been elected as his successor at the election held in November 1874. There was also the testimony of the county clerk, that the records of his office showed no employment of McDonald in the cases subsequent to the expiration of his term of office; the testimony of the chairman of the county board that McDonald was not employed, and of Moser that he never recognized McDonald as having any connection with the case. It also appeared that $3,000 had been properly received by the clerk on the Horner judgments above referred to, and paid by him over to McDonald, and by the latter, save $600 which he claimed as attorney-fees, paid over to the county treasurer. The journal entries of the two judgments read, that the plaintiff appeared by McDonald as well as by Moser. Munson was clerk at the time of these entries, but by whom they were prepared, does not appear.

There was testimony also that Munson said he knew that McDonald's term of office had expired, but thought it was his duty to prosecute the cases he commenced to final judgment, and that the county commissioners were trying to beat him out of his fees. No special findings were made, but only a general finding for plaintiff.

The clerk having in his official capacity properly received the money due on the judgments to the plaintiff therein, can defeat this action only by showing that he had paid the same over to the plaintiff, or some party legally entitled to receive it. It is no defense, that he paid the money to some creditor of the plaintiff; and it matters not therefore whether McDonald had a legal claim against the county for the money by him retained. When a private party, who has been represented in a litigation by an attorney whom he had employed, discharges such attorney from further employment in that litigation, he is no longer bound by the acts of such attorney; and if knowledge of this discharge is brought to the clerk, the latter cannot thereafter relieve himself from liability to the party by payment to the attorney. Employment of an attorney, does not constitute a permanent agency, but is as a rule terminated at the will of the employer; and the authority of the attorney ceases immediately upon the termination of the employment. Now, the relation of attorney and client, between the county attorney and the county, subsists only by virtue of the occupancy of the office, and terminates with the end of the official term. So long as he holds the office of county attorney, he is authorized to represent the county. This authority comes with his office, and goes when his official term expires. Whenever the people elect a successor, it is tantamount to a revocation of authority. So when McDonald's term of office expired, and Moser succeeded him therein, his authority to represent the county ended. Payment to him thereafter, discharged no liability to the county. That his term of office had expired, the clerk as a matter of fact knew, even if he was not charged with notice thereof. The testimony discloses no private employment; in fact, it shows

there was none. He had no authority to receive this money, and the clerk by paying it to him in no manner discharged his liability to the county. We see no error, and the judgment must be affirmed.

All the Justices concurring.