STATE OF IOWA ex rel. E. J. HOOK, County Attorney, Appellee, v. INTERSTATE POWER COMPANY et al., Appellants.

No. 41436.

June 24, 1932.

A. C. Lynch and Hurd, Lenehan, Smith & O'Connor, for appellants.

E. J. Hook and E. R. Acres, for appellee.

FAVILLE, J.—A brief review of a portion of the pleadings in this case may aid somewhat to an understanding of the question which we deem determinative of the appeal.

Prior to April 27, 1927, E. J. Hook was the county attorney of Winneshiek County, Iowa. On said date he filed the original petition in this action, in which he alleged that he brought said action in the name of the state of Iowa on the relation of said E. J. Hook, as county attorney of Winneshiek County. The cause was removed to the federal court and later remanded to the state court.

After said remand, to wit, on or about December 9, 1927, an amended and substituted petition was filed in said cause, wherein it is alleged: "That the relator and plaintiff, E. J. Hook, is now and has been for more than a year last past a citizen and resident of Winneshiek County, Iowa, and a taxpayer, owning real estate situated in Winneshiek County, Iowa, and as such brings this action for himself and for all other citizens and taxpayers in Winneshiek County, Iowa." There was no allegation therein that the suit was brought in an official capacity.

On September 17, 1929, a second amended and substituted petition was filed, wherein again it was alleged that Hook was at said time and *at the commencement* of the action, a citizen, resident, and taxpayer, owning real estate in said county, and that he brought said action for himself and all other citizens and taxpayers of said county. In said pleading no reference was made to any official capacity.

Thereafter, on January 17, 1930, and after he had retired from the office of county attorney, Hook filed an amendment to the petition, striking the amended and substituted petition filed December 9, 1927, and the amended and substituted petition filed September 17, 1929.

On April 24, 1930, counsel who now appear in this appeal filed in said court a "petition and motion" in which they allege that they are attorneys and members of the bar of Winneshiek County, Iowa, and that at the time of the commencement of said action E. J. Hook was the duly elected and qualified county attorney of Winneshiek County; that one Shea was, at the time of the filing of said petition and motion, the duly elected and legally qualified county attorney of Winneshiek County, and that said county attorney refused to have anything to do with said action and announced in open court that if he had anything to do with it he would recommend to the court that the cause be dismissed. Said attorneys moved the court that they be authorized and permitted by the court to prosecute said action to final determination in lieu of the then county attorney of Winneshiek County, Iowa.

To this petition and motion the county attorney filed a resistance wherein he states that he is county attorney of Winneshiek County, and alleges certain facts with regard to the pleadings in said action, and alleges that said action is a civil matter between E. J. Hook as a resident and taxpayer and the appellant power company, and that neither the state of Iowa nor Winneshiek County has any interest in said action.

By an amendment the county attorney alleges, among other things, that the amendment to the petition which was filed on January 17, 1930, by the terms of which an attempt was made to reinstate the action as one in the name of the state on the relation of the county attorney, was in fact filed without the knowledge or consent of the then county attorney of Winneshiek County.

The matter coming on for hearing on September 25, 1930, the court made an order appointing said counsel who now appear in said action to act as attorneys for the plaintiff in said action.

On September 30, 1930, the petition was again amended by once more striking out the amended and substituted petition

filed December 9, 1927, and the amended and substituted petition filed September 17, 1929.

On November 22, 1930, the appellant filed an answer. This invited a motion to dismiss certain divisions thereof. A portion of the motion was sustained and a portion overruled. After said ruling the answer still retained an allegation that since the commencement of the suit it had been discontinued as a purported suit in behalf of the state of Iowa, and was for a time maintained as a private suit on behalf of E. J. Hook, as an individual citizen, resident, and taxpayer, and real estate owner, and on behalf of all other taxpayers in said county similarly situated, and while so maintained said Hook ceased to be county attorney of said county, and neither the present county attorney nor any official of the county or of the state of Iowa had taken any steps to reinstate said suit as a suit on behalf of the state of Iowa, and that there is no legal warrant for the continuance and maintenance of this suit by reason of the facts therein stated.

Other pleadings were filed, but they are not germane to the question before us on this appeal.

I. From the foregoing statement of the pleadings and from the record in support thereof, it appears without dispute that the action was originally brought by the relator Hook solely in his official capacity as county attorney of Winneshiek County, Iowa; that thereafter two amended and substituted petitions were filed by him, in each of which no claim whatever was made that the action was being prosecuted by him as county attorney, but, on the contrary, he alleged that he sought to maintain the same as an individual citizen, resident, taxpayer, and real estate owner of Winneshiek County, bringing the action as a class suit on behalf of himself and all other citizens and taxpayers of Winneshiek County similarly situated. He alleged that this was true at the time the action was commenced. While the pleadings stood in this form, Hook ceased to be county attorney of Winneshiek County. Thereafter, and without the consent of the then county attorney of Winneshiek County, Hook sought to re-establish said action as an action in the name of the state of Iowa, by himself as relator, by filing an amendment to the petition, striking the two amended and substituted petitions which had been filed by him as a private citizen and taxpayer. Later an application was made by counsel for appellee to be appointed by the court to

prosecute said action as though it were then an original proceeding by the said Hook as relator, acting as county attorney. At that time the newly-elected county attorney resisted said "petition and motion" and refused to prosecute said action. However, the court appointed counsel to prosecute the same.

It is to be noticed that while the action was pending as an action brought by the county attorney, Hook, as relator, two amended and substituted petitions were filed, both of which in terms expressly pleaded said cause as a private action by the said Hook as a citizen and taxpayer, and in no way in his official capacity. This was the status of the case when Hook went out of office as county attorney. It was *after* he had ceased to be county attorney, and while his successor was acting in that capacity, that the attempt was made to reinstate the original action as one by Hook as relator, acting officially as county attorney, and to have it further prosecuted in that way.

We are of the opinion that under this record the appellant's challenge to the appellee's right to maintain said suit was well taken. By the filing of the amended and substituted petition the cause of action was entirely changed from one brought by the state on the relation of Hook as county attorney to a private action sought to be maintained by Hook as a private citizen and taxpayer of Winneshiek County. This position was reiterated by a second amended and substituted petition to the same effect. While this status existed Hook went out of office as county attorney. Thereafter he was powerless to reinstate said action in its original form as an action brought by him as relator in his capacity as county attorney. The court could not, by the appointment of attorneys to prosecute said action, reinstate said action as an official action by the state on relation of the county attorney, who had ceased to hold office. The then existing county attorney not only refused to prosecute said action further, but appeared in court and resisted the right of the court to appoint attorneys to prosecute said action.

Conceding, for the sake of the argument, but without making any pronouncement with respect thereto, that the appellee had a right, while county attorney and acting as such, to institute said action as relator, he had control of the action while acting in his official capacity, and could, while county attorney, discontinue such suit. This is the effect of what the appellee did by the filing of the two amended and substituted petitions, in which he

entirely changed the cause of action from one brought by him as relator in his official capacity, to one maintained by him solely in his individual capacity as a private citizen and taxpayer.

After Hook had ceased to be county attorney of Winneshiek County, at which time the action was pending under the amended and substituted petition as an action by him solely as a private citizen and taxpayer, he had no power to re-establish the suit as an action by him as county attorney. He had ceased to be county attorney and his power to re-establish or to maintain the action in such official capacity had ceased. After January 1, 1930, Hook had no more authority to re-establish the suit as one in his official capacity as county attorney than he would have had authority to dismiss such suit after he had ceased to be county attorney.

Such a situation came before the Supreme Court of California in People ex rel. Warfield v. Sutter St. Ry. Co., 49 Pac. (Cal.) 736, wherein a retiring attorney-general sought to dismiss a pending suit brought in his official capacity. The court said:

"He (the retiring attorney-general) had ceased to have any authority over the matter when he signed and sent the letter which purports to be an order of dismissal. There could not be at the same time two attorneys general, and it is of no moment if the attorney-general gave Hart permission to continue to act as such."

In the instant case, however, the incoming county attorney not only refused to give his predecessor Hook any authority to continue to act as relator in said cause, but actively resisted his attempt to do so.

In Hendrick v. Posey, 45 S. W. (Ky.) 525, the Court of Appeals of Kentucky passed on a somewhat similar situation and said:

"When his (attorney-general's) term of office expired in January, 1896, by operation of law he ceased to have any right, as attorney-general, to represent the commonwealth in that case or any other. He was then *functus officio,* and the duties and responsibilities of that office at once devolved upon his successor."

In Cole v. McKune, 19 Cal. 422, the court said:

"The policy of the law seems to be, to have but one recognized prosecuting officer and Attorney for a county; and the rendering of the official services required by law is dependent upon and follows the office, as in cases of clerks, etc.; and the fact that a portion of the business in the hands of the Attorney is unfinished, on the assumption of office by his successor, does not give him any authority to conclude it."

In Munson v. Comm'rs of Morris County, 18 Kan. 240, the court said:

"Now, the relation of attorney and client, between the county attorney and the county, subsists only by virtue of the occupancy of the office, and terminates with the end of the official term. So long as he holds the office of county attorney, he is authorized to represent the county. This authority comes with his office, and goes when his official term expires. Whenever the people elect a successor, it is tantamount to a revocation of authority."

The court had no power to reinstate the case in its original form on the petition of private parties after the county attorney had retired from office and could no longer be relator in the action.

We see no escape from the conclusion that the action was never legally reinstated as an action by the appellee as relator acting in his official capacity as county attorney. Under the record the action had entirely ceased to be prosecuted in that manner, and relief was not sought in any such capacity. The appellee had ceased to be county attorney, and at the time his office terminated, the only action pending was one by him as a private citizen, and not in an official capacity. He had no power thereafter to reinstate the original action and prosecute it in his official capacity as county attorney if he was not county attorney. Nor could the court reinstate it in the official capacity of Hook as county attorney, for he occupied no such position.

In view of our conclusion upon this branch of the case it is unnecessary for us to consider other questions which have been ably argued by counsel on both sides. We therefore make no pronouncement whatever as to the larger merits of the case. Under the allegations of the answer and the facts established by

the record, the court should have dismissed the plaintiff's petition upon the ground herein discussed.

The decree appealed from is reversed.—Reversed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.